## ⸸ WELLS *against* HORNISH.

Although an owner of real estate may be entitled to recover, in an action on the case for use and occupation, against one who has enjoyed the possession ; yet unless he can prove a demise, and a certain rent reserved, he cannot distrain. And in an action of trespass against his bailiff, he cannot justify by evidence of what the annual value of the premises was.

In an action of trespass against a bailiff for distraining goods, he can only justify himself by proof, that a certain rent was reserved, and that it was in arrear. The mere warrant of a landlord is no justification to a bailiff, although he be a constable or sheriff. ·

ERROR to *Westmoreland* county.

This was an action of trespass brought by *John Wells*, the plaintiff in error, against *John B. Hornish*, the defendant in error.

On the trial in the court below, the taking of the goods was admitted and the plaintiff proved the value of them. The defendant was a constable, or at least acted as such, and endeavored to justify the taking of the goods of the plaintiff as the bailiff of *Arthur Carr*, as a distress for one hundred and eighty dollars rent, which he alleged was due to *Carr*. He first gave in evidence a warrant from *Carr*, dated the seventh of August, one thousand eight hundred and twenty-six, authorizing him to distrain the goods of the plaintiff for one hundred and eighty dollars being one year's rent, which fell due as was therein alleged, on the day preceding. The defendant proved that *Arthur Carr* had become the purchaser of the property and premises, out of which the rent was claimed, at a sale made of the same by the sheriff of *Westmoreland* county, and that a deed of conveyance was duly made by the sheriff to *Carr*. That the plaintiff was in the possession of the premises so sold —That *Carr* proceeded against him to recover the possession, in the summary manner provided by the act of assembly, in favor of purchasers of real estate at sheriff's and coroner's sales; obtained a judgment, and a warrant to the sheriff to deliver him possession. What was done under this warrant did not appear. The plaintiff, however, still continued in the occupation of the premises. Without more being shown or proved on the part of the defendant, he then called *John Y. Barclay*, Esq. and proposed to ask him what would be a reasonable rent for the property in one thousand eight hundred and twenty-five and six, from his knowledge of the premises. This question was objected to by the plaintiff's counsel, and the objection over-ruled by the court—which is the first error assigned.

The counsel for the plaintiff requested the court to instruct the jury on the following points :

1. "That the plaintiff is entitled to recover in this case, unless the defendant prove that *Arthur Carr*, under whose warrant he

(Wells *v.* Hornish.)

acted, had demised to the plaintiff the premises referred to for a term of years, or at will, reserving a rent.

2. " That the defendant to justify himself, must prove, that rent was in arrear.

3. "That the testimony of *John Y. Barclay*, Esq. does not prove a lease, so as to justify the defendant in this case.

4. " That if *Carr* had no right to distrain, that his warrant cannot be a justification of the defendant."

The court answered all these points expressly against the plaintiff, and the jury found accordingly for the defendant.

Errors were assigned in the opinion of the court, over-ruling the objections to the testimony of *John Y. Barclay*, Esq. and in each of their answers to the points put by plaintiff's counsel.

*J. Findlay* for plaintiff in error.

*J. B. Alexander* and *Foster*, contra ; who declined to argue in support of the judgment.

The opinion of the court was delivered by

KENNEDY, J.—Had this been an action brought by the defendant against the plaintiff for use and occupation, such a question as was proposed to be put to the witness, might have been very proper ; because after having shown that the plaintiff had occupied the property by the permission of the defendant, he would have been entitled to recover, without proving that the plaintiff was to pay to him any certain or fixed sum for the same, whatever the jury might have thought would have been a *reasonable* compensation ; and to inform the consciences of the jury on that point, the testimony would have been strictly relevant and unexceptionable. But I apprehend that in this action, the question, what would be a reasonable rent ? did and could not properly arise. Because, without an agreement fixing upon a certain rent to be paid for the property, *Arthur Carr*, or his bailiff, the defendant, had no right to distrain or seize upon and take the plaintiff's goods. A distress can only be made where, by the agreement, the rent to be paid is *certain* and *fixed*, so that the tenant may know, in case he be threatened with a distress, what he is to pay to prevent it, or in case his goods shall be distrained, what sum to tender in order to retain them. Where this is not the case, to permit a landlord to distrain for whatever sum he might say was reasonable, would introduce the greatest imaginable oppression and injustice. On the other hand, it would not do to leave the sum to be fixed by the tenant, who it may be supposed, from interested motives, would seldom be disposed to do justice to his landlord. It is necessary, therefore, that the claim of the landlord in this respect, should be ascertained by the agreement itself, under which the property is let. On the trial

[Wells *v.* Hornish.]

of this cause it then became necessary that the defendant, in ma-king out his justification, should prove that a *certain* rent was to have been paid by the plaintiff to *Carr* for the property; and how could the opinion of the witness, as to what sum would have been a reasonable rent contribute to prove, in any degree, that the plaintiff had agreed to pay that sum, whatever it might be? The opinion of different men will vary less or more on such a point; and such testimony cannot, therefore, lead to absolute certainty as to the amount of rent that was to have been paid; which I consider indispensably necessary.

Hence, it appears, that the court below erred in admitting the testimony of *Mr. Barclay*, which was objected to.

After the close of the testimony on both sides, the plaintiff's counsel among other things, requested the court to charge the jury; that the defendant, to justify himself, must prove that rent was in arrear. In answer to this, the court told the jury that the defendant was not bound to prove the rent in arrear. And this is assigned by the plaintiff's counsel for the third error. It is difficult to conceive upon what principle it was, that the court below gave this direction to the jury. The defendant rested his defence entirely upon his justification, which was clearly of an affirmative character; and that rent was due, and in arrear by the plaintiff to *Arthur Carr*, appears to me to have been the very jist of it. No rule is better established than this; that the burden of proof lies upon him, who is in the affirmative in pleading. The defendant was so in this case, and I therefore think there was error in the answer of the court below upon this point to the jury.

The plaintiff's counsel, also, requested the court to charge the jury that the testimony of *John Y. Barclay*, Esq. did not prove a lease so as to justify the defendant in this case. In reply to which, the court told the jury, it was not the province of the court to say what weight it ought to have with the jury. This answer of the court has been assigned for the fourth error. The answer is perhaps not very direct and explicit; yet I cannot say certainly that there is error in it. When the testimony is of a purely parol character, and submitted to the jury by the parties for their consideration, generally, I think it belongs to the jury to decide, what conclusions are to be drawn from it, and always to decide upon the weight or degree of credit that shall be given to it. The plaintiff might have, if he had pleased, withdrawn the consideration of this testimony from the jury, by demurring to it; and in this way, have compelled the court to decide on the effect of it. This course, however, he did not think proper to take; and I am not satisfied that he had a right to require the decision of the court upon the effect of it, in any other way. If so, he had no right to require the court to declare the effect of it to the jury, and to direct them in the conclusions which they ought to draw from it.

[Wells *v.* Hornish.]

The counsel for the plaintiff, in the next place, requested the court to instruct the jury, that if *Arthur Carr* had no right to distrain his warrant could be no justification to the defendant for doing so. In answer to which, the court directed the jury, that whether *Carr* had or had not a right to distrain, his warrant to the defendant, supposing him to have been a constable, was a sufficient justification to him for all his proceedings under it. This direction is assigned for the fifth and last error, which also goes to negative the existence in fact of the second error assigned; and which I therefore omitted to notice in its order.

I am altogether unable to discover any principle of law or justice, upon which this part of the charge of the court below can be supported. There is certainly no good reason for saying that *Carr*, who claimed to be the landlord of the plaintiff, could delegate a power to the defendant which he did not possess himself. If a *certain* rent had been due, and in arrear from the defendant to *Carr*, he could have made the distress himself in person, without the aid of an officer of any kind; or he might, by his warrant, as he did in this case, have appointed the defendant, or any other person, not a constable or officer, his bailiff, or agent, or attorney in fact, to distrain in his name the goods of the defendant, for the rent due and in arrear. But if no rent were owing to him, his distress of the defendant's goods would be most clearly illegal and unwarrantable; and consequently, the distress by his bailiff or agent no less so. In case of a distress by a landlord, for rent due and in arrear, if the tenant or owner of the goods should not, within the space of five days after such distress taken replevy the goods, they are, under the act of assembly of the 21st of March, 1772, to be appraised; at which the sheriff, or under sheriff, or a constable, must be present, aiding and assisting, and *not before.* So if any other than the sheriff, under sheriff, or a constable, be made bailiff, and distrain the goods of the tenant, such an officer must be called in to the appraisement of the goods, and to superintend and conduct the sale of them in all cases as directed by this act. But no part of this act countenances the idea that a constable, or any other person who undertakes to act as bailiff for the landlord in making the distress, shall be excused or justified in doing so, where no rent can be shown to be due and in arrear. So far from it, that the third section expressly provides, "That in case any distress and sale shall be made by virtue of this act, for rent pretended to be in arrear and due, when in truth no rent shall appear to be in arrear or due to the *person or persons distraining,* or to him or them *in whose name or names,* or *right,* such distress shall be taken as aforesaid, that then the owner of such goods and chattels distrained and sold as aforesaid, his executors or administrators shall and may, by action of *trespass,* or upon the case, to be brought against the

(Wells *v.* Hornish.)

*person or persons so distraining*, any or either of them, his or their executors or administrators, *recover double the value* of the goods or chattels so distrained and sold, together with full costs of suit." Here, by this section of the act, it will be perceived, that it is the *person* or *persons distraining* who are made liable to the action, and double the value of the goods distrained and sold, in case there be no rent due and in arrear; and not the *person* or *persons in whose names the distress shall be made.* The charge of the court below in this particular, was directly against the act, and every principle of the common law.

There are cases indeed when constables, acting in obedience to warrants under the hands and seals of justices of the peace, upon complying with the requisitions of an act of the assembly, passed the 21st of March, 1772, entitled "An act for rendering justices of the peace more safe in the execution of their office, and for indemnifying constables and others acting in obedience to their warrants, will be excused; but that act has no relation to the present case. There was no warrant of a justice of the peace in this case, nor could a justice of the peace, as such, have given a warrant authorizing a distress for rent due and in arrear.

Judgment reversed, and a *venire de novo* awarded.